UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM KHOLI ENTERPRISES, INC., a California Corporation,<br><br>                                    Plaintiff,<br>vs.<br><br>JONES MOTOR GROUP, INC., et al.<br><br>                                    Defendants. | CASE NO. 11-CV-0177 W (POR)<br><br>**ORDER GRANTING IN-PART AND DENYING IN- PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [DOC. 36]** |

      Pending before the Court is Defendants Jones Motor Company, Inc., Jones Motor Group, Inc., and Jones Express, Inc.'s (collectively, "Jones Motor") motion for judgment on the pleadings or for summary judgment. Plaintiff Sam Kholi Enterprises, Inc. ("Kholi") opposes.

      The Court decides the matter on the papers submitted and without oral argument. <u>See</u> Civil Local Rule 7.1(d.1). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Jones Motor's motion [Doc. 36].

//

//

I.     BACKGROUND

In 2007, Plaintiff Kholi contacted Thompson Trucking after seeing an advertisement in California seeking truck-driver owner/operators. (*See Compl.*, ¶ 10.[1]) After several telephone conversations with Thompson Trucking's owner, Tom R. Thompson, Kholi traveled to Texas hoping to purchase Thompson Trucking. (*Id.*, ¶ 11.)

In their meetings, Thompson represented that Thompson Trucking had a well-established customer base that would remain loyal and would be an asset to any buyer. (*Compl.*, ¶ 12.) Thompson also told Kholi that key employees were bound by non-competition agreements and would remain with the company to maintain relationships and ongoing contractual agreements with customers. (*Id.*)

On or about October 7, 2007, Kholi also met with representatives from Jones Motor. (*Compl.*, ¶ 14.) Kholi alleges Thompson and Jones Motor represented that Jones Motor provided services to Thompson, such as computer software and hardware, non-recourse accounts receivable and cash flow, and liability and cargo insurance. (*Id.*) Kholi further alleges Thompson and Jones Motor failed to inform Kholi that Thompson was subject to a legally binding non-compete agreement with Defendant Jones Express Inc. ("Express"), a subsidiary of Jones Motor. (*Id.*, ¶¶ 15, 16.)

On October 12, 2007, Thompson agreed to sell his business to Kholi. (*Compl.*, ¶ 17.) As part of the agreement, Thompson agreed to sign a non-compete agreement with Kholi, despite already being bound by the terms of Thompson's non-compete agreement with Express. (*Id.*, ¶ 18.)

By January 2008, Kholi suspected that Thompson did not, in fact, have the well-established customer base he had represented. (*Compl.*, ¶ 21.) Instead, Kholi began to believe that Thompson Trucking mostly relied on third-party brokers, and that its most important client, Harbor Freight, was actually controlled by Jones Motor. (*Id.*) Kholi

---

[1] A true and correct copy of the Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit A.

contends that he voiced his concerns to Thompson and Jones Motor, but that both assured Kholi that Harbor Freight was Kholi's customer and would stay with the business. (*Id.*, ¶ 22.) As a result of the assurances, Kholi made further payments to the outstanding balance owed on the purchase price. (*Id.*)

On March 10, 2008, despite the representations that the key Thompson Trucking employees were bound by non-compete agreements, several key employees left and began working for Jones Motor. (*Compl.*, ¶¶ 23, 24.) Before leaving, Kholi alleges that these employees destroyed or removed business records vital to Kholi's business interests. (*Id.*, ¶ 25.) Additionally, Kholi contends that "in March of 2008, [he] finally confirmed that Harbor Freight was controlled by [Jones Motor] and its subsidiaries, not THOMPSON as he and [Jones Motor] had both represented." (*Id.*, ¶ 26.)

On or about November 14, 2008, Kholi filed suit against Tom R. Thompson dba Thompson Trucking (hereinafter, "Thompson") in the United States District Court for the Western District of Texas, Waco Division (the "Texas Action"). (*See Defs.' Proposed State.* [Doc. 36-2], Ex. B; *Benson Dec.* [Doc. 36-5], ¶ 4.) Kholi asserted causes of action for fraud in the inducement and breach of contract. (*Defs.' Proposed State.* [Doc. 36-2], Ex. B.)

On June 3, 2009, the jury returned a verdict in favor of Thompson. (*See Defs.' Proposed State.*, Ex. C [Doc. 36-3].) The jury found that Thompson did not commit fraud against Kholi with respect to the 2007 agreement, that both parties materially breached the October 2007 Agreement, but that Kholi materially breached first. (*Id.*) The jury, therefore, awarded Thompson $2,316,670. (*Id.*)

On December 21, 2010, Kholi filed this action against Jones Motor and Thompson Trucking in the California Superior Court. (*See Compl.*) The case was subsequently removed to this Court. (*See Notice of Removal.*)

## II. LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. Fajardo v. Cnty. of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999). A district court may grant judgment to a defendant only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Enron Oil Trading & Transp. Co. V. Walbrook Ins. Co., 132 F.3d 526, 529 (9th Cir. 1997).

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced

therein." Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995) (citing Anderson, 477 U.S. at 252) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

### III. DISCUSSION

#### A. Collateral Estoppel.

Jones Motor contends that collateral estoppel precludes Kholi's claims because the issues in this case were previously litigated and decided in the Texas Action. (*Defs.'*

*Mot.* [Doc. 36-1], ¶ 33.) Although the Court agrees that this case appears to arise from the same facts as the Texas Action, and that many of the issues in the two cases overlap, Jones Motor has failed to (1) provide evidence about which issues were actually decided in the Texas action and (2) demonstrate that those issues bar the claims here.

Under the doctrine of collateral estoppel, the court's decision of an issue of fact or law necessary to judgment precludes the re-litigation of the issue in a subsequent suit. Allen v. McCurry, 449 U.S. 90, 94 (1980). Consistent with the Full Faith and Credit statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-81 (1984); Holcombe v. Hosmer, 477 F.3d, 1094, 1097 (9th Cir. 2007). Thus, this Court must look to Texas law to determine the preclusive effect of the prior judgment on the current proceeding.

Under Texas law, the party asserting collateral estoppel must show: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." Sysco Food Servs., Inc. v. Trapnell, 890 S.W.2d 796, 801 (Tex. 1994). The party asserting collateral estoppel bears the burden to show the jury determined a specific issue of fact in the prior proceeding such that the outcome of the earlier proceeding necessarily must have been grounded on that issue. State v. Getman, 255 S.W.3d 381, 384-85 (Tex. 2008).

Issue preclusion still applies even if the subsequent litigation rests on different theories of recovery. See Taylor v. Sturgell, 553 U.S. 880, 893 (2008); see also Wilhite v. Adams, 640 S.W.2d 875, 876 (Tex. 1982). Although causes of action may differ from the first proceeding to the next, the court's determination of underlying facts in the first proceeding are binding upon the second. See Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 818 (Tex. 1984). If the court's determination of issues from the

first proceeding is unclear, issue preclusion is unavailable. Bobby v. Blies, 129 S.Ct. 2145, 2152-53 (2009).

As stated above, the Court agrees with Jones Motor's contention that this case and the Texas Action are based on "virtually the same factual averments." (*Defs.' Mot.* ¶ 37.) However, Jones Motor was required to demonstrate which issues were actually decided in the Texas Action, and how the issues decided now preclude Kholi from proving the causes of action asserted against Jones Motor in this case.

The jury completed special interrogatories, in which it found: (1) Thompson did not defraud Kholi; (2) both parties materially breached the contract; and (3) Kholi breached first. (*Id.*) It is unclear from these special interrogatories what the basis for the jury's findings were, since both of these causes of action required Kholi to prove multiple elements. For example, the jury's finding that Thompson did not defraud Kholi could be based on Kholi's failure to establish any one of the essential elements for the fraud claim.

Additionally, there is no attempt by Jones Motor to demonstrate how resolution of any of the issues in the Texas Action precludes Kholi's claims in this case. For example, whether the jury's finding on fraud precludes Kholi's claim for intentional interference with contractual relations depends whether the two claims share common issues. Jones Motor, however, has not demonstrated that the two claims share such issues.

Based on the current record, this Court would need to speculate as to the grounds upon which the jury relied in making its findings of fact and how those finding apply here. Because Jones Motor has not met its burden, this Court finds the application of collateral estoppel improper at this time.

### B. Statute of Limitations.

Jones Motor contends that Kholi's claims for Intentional Interference with Contractual Relations, Intentional Interference with Prospective Business Advantage,

1 and Civil Conspiracy are time barred because these causes of action accrued more than
2 two years before this lawsuit was filed. (*Defs.' Mot.*, ¶¶ 14–52.) Kholi argues the claims
3 are not time barred because he did not discover Jones Motor's alleged wrongful conduct
4 until after December 2008. For the reasons stated below, the Court agrees with Jones
5 Motor.

### 1.   **Kholi's claims for Intentional Interference are time barred.**

Kholi's claims for intentional interference are subject to a two-year statute of limitation. See Cal. Code Civ. Proc. § 339; Aspenwood Apt. Corp. v. Coinmach, Inc., 349 S.W.3d 621, 639 (Tex. Ct. App. 2001).[2]

Kholi's intentional interference claims are based on the contention that Jones Motor induced key employees to violate their non-compete agreements and leave, and induced Harbor Freight to breach its contract with Thompson and Kholi, and instead enter into an agreement with Jones Motor. (*Compl.*, ¶¶ 30, 36.) According to the Complaint, the key employees left Kholi and began working for Jones Motor in March 2008. (*Id.*, ¶ 23.) Because this lawsuit was filed on December 21, 2010, more than two years after the alleged wrongful conduct occurred, Kholi's claims are time barred.

Kholi, nevertheless, argues that tolling applies because he did not know the employees were subject to non-compete agreements until long after March 2008. But, according to the Complaint, in January 2008, Kholi suspected that Harbor Freight was actually controlled by Jones Motor, and "in March of 2008, Mr. Kholi finally confirmed that Harbor Frieght was controlled by [Jones Motor] and its subsidiaries, not THOMPSON as he and [Jones Motor] had both represented." (*Compl.*, ¶¶ 21, 26.) These allegations confirm that by March 2008, Kholi *knew*—in fact "confirmed"—that Jones Motor had made misrepresentations regarding what Kholi considered to be "the

---

[2] The parties dispute whether California's or Texas's statute of limitations apply. Because the statute of limitations is the same in both states, the Court need not decide the issue.

primary financial component[s] of the sale." (*Id.*, ¶ 20.) Based on these facts, there can be no dispute that Kholi knew about Jones Motor's wrongful conduct by March 2008 and was obligated to conduct a reasonable investigation into the facts as required by the discovery rule. See Hopkins v. Dow Corning Corp., 33 F.3d 1116, 1120 (9th Cir. 1994) (citing Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1109 (1988)) (The discovery rule tolls the accrual of the statute of limitations until the plaintiff discovered or reasonably should have discovered the injury); see also Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807-08 (2005) (a plaintiff with suspicions and the opportunity to investigate must pursue his claims diligently). Having failed to do so, Kholi's claims for intentional interference are time-barred.[3]

### 2. Kholi's claim for civil conspiracy is time barred.

Jones Motor argues that Kholi's civil conspiracy claim is subject to Texas's statute of limitations. Kholi does not dispute this issue. Moreover, because all of the facts giving rise to Kholi's claims against Jones Motor occurred in Texas, the personal and real property in dispute are titled in Texas, and Kholi's injury occurred in Texas, the Court finds Texas has the greater interest in having its law applied to this case.

The statute of limitations for civil conspiracy in Texas is two years. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 2005). As previously mentioned, in January of 2008, Kholi began to suspect that Thompson and Jones Motor had not been truthful about their business relationships, and in March of 2008, Kholi confirmed that they had made misrepresentations to Kholi. (*Compl.*, ¶¶ 21, 26.) Because this lawsuit was not filed until December 21, 2010, well after two years had passed, Kholi's civil conspiracy claim is time barred.

---

[3] Under Texas's discovery rule, Kholi's claims would also be time-barred. Texas's discovery rule applies if "(1) the injury is *inherently undiscoverable* and (2) the evidence of the injury is objectively verifiable." Savage v. Psychiactric Institute of Bedford, Inc., 965 S.W.2d 745, 750 (Tex. 1998)(emphasis added). As stated herein, the Complaint confirms that Kholi knew of the injury more than two years prior to the expiration of the statute of limitations.

### C. <u>Failure to State a Claim.</u>

In its notice of motion, Jones Motor moved for judgment on the pleadings or summary judgment. (*Defs.' Notice of Motion* [Doc. 36] p. 2.) Jones Motor did not move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.*) Accordingly, Jones Motor's argument in the memorandum of points and authorities that Kholi failed to state a claim is improper.

Regardless, this Court has reviewed the Complaint and finds the remaining claims sufficiently pled. Each cause of action sets forth facts that Jones Motor knowingly and falsely misrepresented its relationship with Thompson, and as a result of several assurances by Thompson and Jones Motor, Kholi believed and relied upon these representations in going forward with the agreement. Thus, even if Jones Motor's request to dismiss for failure to state a claim was proper, Kholi has alleged sufficient facts to state the remaining claims.

### III. CONCLUSION AND ORDER

For the reasons stated above the Court **GRANTS IN-PART** and **DENIES IN-PART** Defendants' motion [Doc. 36].

**IT IS SO ORDERED.**

DATED: September 28, 2012

_____
Hon. Thomas J. Whelan
United States District Judge